UNITED STATES v. M. K. GOETZ BREWING CO. et al.

No. 261.

District Court, W. D. Missouri, St. Joseph Division.

March 8, 1935.

Berkley Henderson, Sp. Asst. to Atty. Gen., and Richard K. Phelps, Asst. U. S. Atty., of Kansas City, Mo., for the United States.

John D. McNeely and Benjamin Phillip, both of St. Joseph, Mo., for defendants.

OTIS, District Judge.

In this proceeding in equity the complainant is the United States and the defendants are two affiliated Missouri corporations. The Goetz Brewing Company manufactures beer. The Goetz Sales Company sells the product of the brewing company. The complainant, in its bill, charges the defendants with the following: First, they have given, loaned, or sold fixtures and equipment to persons engaged in selling their products for consumption on the premises where sold; second, they have induced or required the persons to whom they have given, loaned, or sold fixtures and equipment to purchase and use exclusively their product; third, they loaned $125 to one Miller, who is engaged in selling beer for consumption on the premises where sold.

The bill charges that each of these three acts violates the code for the brewing industry approved by the President December 4, 1933, pursuant to the authority vested in him by title 1 of the National Industrial Recovery Act (15 USCA § 701 et seq.). It prays an injunction against any further similar activities.

Defendants have moved to dismiss the bill.

1. For the purpose of ruling on the motion to dismiss, the enumerated charges against defendants must be taken as true, so far as they state facts.

It cannot be denied that the acts charged are violations of the code. Complainant is entitled to the injunctive relief asked against a repetition of or preserverance in any violation of any valid provision of the code.

2. The contention that the whole code is invalid as the exercise by the President of an unauthorized delegation of legislative power must be ruled against defendants. While it is elementary that Congress cannot delegate legislative power to an executive official, it too long has been established to be open now to any controversy that Congress, having laid down a general rule, which general rule is within its constitutional power, may commit to the President, to a commission, or board, or to any administrative officer the promulgation of regulations within that general rule. Panama Refining Co. et al. v. Ryan et al., 55 S. Ct. 241, 79 L. Ed. — (January 7, 1935); United States v. Grimaud, 220 U. S. 506, 31 S. Ct. 480, 55 L. Ed. 563.

Unfair methods of competition in interstate commerce or directly affecting it were made illegal and prohibited by statute September 26, 1914 (38 Stat. 717, 719, § 5 [15 USCA § 45]). At least by implication that declaration of illegality and that prohibition are repeated in title 2 of the National Industrial Recovery Act (section 201 et seq. [40 USCA § 401 et seq.]). That Congress has the power to prohibit unfair methods of competition in or affecting commerce and that without statutory definition of what is meant by "unfair methods of competition" is firmly established by decisions of the Supreme Court. Federal Trade Commission v. R. F. Keppel & Bro., 291 U. S. 304, 54 S. Ct. 423, 78 L. Ed. 814; Federal Trade Commission v. Algoma Lumber Co., 291 U. S. 67, 54 S. Ct. 315, 78 L. Ed. 655; Federal Trade Commission v. Royal Milling Co., 288 U. S. 212, 53 S. Ct. 335, 77 L. Ed. 706; Federal Trade Commission v. Gratz, 253 U. S. 421, 40 S. Ct. 572, 64 L. Ed. 993. Indeed, that power, recognized and enforced in numerous decisions, appears never to have been questioned.

Congress then has the power to prohibit, in general language, "unfair methods of competition," and it has the power to authorize the President "to fill up the details,"

as Chief Justice Marshall put it, that is, to put in the form of regulations the congressional prohibition.

 3. The validity of any particular regulation, in this case the validity of any specific provision of the code, depends on whether it is within the general prohibition of the statute. And that is a judicial question. Whether a given act charged to a named person is an unfair method of competition in or affecting interstate commerce also is a judicial question. Federal Trade Commission v. R. F. Keppel & Bro., supra; Federal Trade Commission v. Gratz, supra.

Even if the bill here charged transactions between defendants and persons in other states, it would be gravely to be doubted (it is not now necessary to decide) whether two of the acts charged to the defendants are either unfair competition or constitute any part of or directly affect interstate commerce. These are the lending of money by defendants to a retail dealer and the furnishing of equipment by the defendants to retail dealers. The same doubt does not exist, however, concerning another of the acts charged to the defendants.

The bill charges, and for present purposes the motion to dismiss admits, that the defendants have induced or have required various dealers, all residents in Missouri, to purchase and to use exclusively the product manufactured and sold by the defendants. If the defendants really have done that, under facts and circumstances constituting any sort of compulsion (and that is a possible interpretation of the bill), they have been guilty of unfair competition. And compulsion which prevents retail dealers purchasing beer from brewers in other states does directly affect commerce among the states.

The motion to dismiss is denied. It is so ordered.